Howard Rutten (SBN 164820)
howard@ruttenlawfirm.com
**The Rutten Law Firm, APC**
21860 Burbank Boulevard, Suite 340
Woodland Hills, California 91604
Telephone: (818) 308-6915

Attorneys for Plaintiff
APRIL VILLALOBOS

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APRIL VILLALOBOS, an individual,<br><br>    Plaintiff,<br><br>    vs.<br><br>STAR MSO, INC; a California corporation,<br><br>    Defendant. <br><br>JURY TRIAL DEMAND | CASE NO.<br><br>**COMPLAINT FOR:**<br><br>1. **Retaliation for Disclosing Employer's Unlawful Conduct in Violation of Labor Code § 1102.5;**<br><br>2. **Disability Discrimination (Gov. Code § 12940(a));**<br><br>3. **Failure to Accommodate Disability (Gov. Code § 12940(m));**<br><br>4. **Retaliation for Requesting Accommodation for Disability (Gov. Code § 12940(m)(2));**<br><br>5. **Failure to Engage in Timely, Good Faith Interactive Process (Gov. Code § 12940(n));**<br><br>6. **Failure to Provide Meal and Rest Breaks; and**<br><br>7. **Wrongful Termination in Violation of Public Policy.** |

1
COMPLAINT FOR DAMAGES

Plaintiff, APRIL VILLALOBOS, hereby complains against Defendant STAR MSO, INC, a California corporation, and alleges as follows:

## PARTIES

1. Plaintiff APRIL VILLALOBOS ("Plaintiff") is an individual over the age of eighteen years old, currently residing in the State of Arizona, County of Maricopa.

2. Defendant STAR MSO, INC purports to be a general corporation existing under California law. Said Defendant, at all times relevant herein, was Plaintiff's employer within the meaning of the California Fair Employment and Housing Act, Government Code sections 12900 et seq. ("FEHA"), including, but not limited to, section 12940.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. § 1332(a), this Court has original jurisdiction over this matter because the amount in controversy exceeds the sum or value of $75,000 and the parties are citizens of different States.

4. Pursuant to 28 U.S.C. § 1391(b)(2), venue is proper in the Eastern District of California because a substantial part of the events or omissions giving rise to the claim occurred in Inyo County, California.

## STATEMENT OF FACTS

5. On or about May 10, 2021, Defendant employed Plaintiff as a store manager. At the time of her termination on or about February 15, 2022, Plaintiff was earning $20.00 per hour.

6. On or about October 27, 2021, Plaintiff's husband passed away. As a result, Plaintiff's health severely deteriorated.

7. Plaintiff was placed on disability leave from on or about December 12, 2021, to on or about February 8, 2022. On or about February 2, 2022, Plaintiff's doctor extended her leave to February 28, 2022. Plaintiff had a qualifying mental disability which, as defined by Government Code section 12926(j), limited a major life activity, including her physical, mental, and social activity and working, had a record or history of a such disability, which was known to the employer, was regarded or treated by the employer as having, or having had, such a disability,

and/or was regarded or treated by the employer as having, or having had, a disease, disorder, condition, or health impairment that has no present disabling effect but may become a mental disability as described in section 12926(j).

8. On or about February 2, 2022, Plaintiff notified her supervisor of the leave extension. Her supervisor asked for a doctor's paperwork which Plaintiff provided to her the same day.

9. Defendant, including, but not limited to, by and through its supervisor, Leticia Novoa, told Plaintiff to work through her breaks and lunches despite being off the clock. Plaintiff disclosed this was unlawful.

10. During the course of her employment by Defendant, Plaintiff observed, reported, opposed and/or disclosed what she reasonably believed to be a pattern of violations by Defendant of various state or federal statutes, and/or violations of or noncompliance with local, state, and/or federal rules or regulations relating to health and safety, including, but not limited to, 29 CFR, Subpart J – General Environmental Controls 1910.141(g)(4).

11. In or about November 2021, Plaintiff's manager turned the men's restroom into a cigarette storage room. Plaintiff complained to her supervisor by telling her that such storage was unsanitary and would get them in trouble with the health department. The supervisor dismissed Plaintiff's concerns and continued to use the restroom as a storage room.

12. As a result of Plaintiff's disability, requesting accommodations for same, and/or reports and disclosure of Defendant's violation and/or non-compliance of law, Defendant terminated Plaintiff's employment effective on or about February 15, 2022.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

13. Plaintiff has timely filed charges against Defendant with the California Department of Fair Employment and Housing (DFEH), and received a Right- to-Sue letter from the Department regarding the employment-related claims asserted in this action. Accordingly, Plaintiff has fully exhausted all administrative remedies as to such claims and timely filed this action.

3
COMPLAINT FOR DAMAGES

**FIRST CAUSE OF ACTION**
**RETALIATION FOR DISCLOSING EMPLOYER'S UNLAWFUL CONDUCT IN VIOLATION OF LABOR § CODE 1102.5**

14. Plaintiff repeats and incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth here in full.

15. Labor Code section 1102.5 provides, in relevant part, that:

(a) An employer, or any person acting on behalf of the employer, shall not make, adopt, or enforce any rule, regulation, or policy preventing an employee from disclosing information to a government or law enforcement agency, to a person with authority over the employee, or to another employee who has authority to investigate, discover, or correct the violation or noncompliance, or from providing information to, or testifying before, any public body conducting an investigation, hearing, or inquiry, if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties.

(b) An employer, or any person acting on behalf of the employer, shall not retaliate against an employee for disclosing information, or because the employer believes that the employee disclosed or may disclose information, to a government or law enforcement agency, to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance, or for providing information to, or testifying before, any public body conducting an investigation, hearing, or inquiry, if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties.

(c) An employer, or any person acting on behalf of the employer, shall not retaliate against an employee for refusing to participate in an activity that would result in a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation.

\* \* \*

(j) The court is authorized to award reasonable attorney's fees to a plaintiff who brings a successful action for a violation of these provisions.

*Labor Code* § 1102.5.

16. By engaging in the conduct alleged herein, and otherwise, including but not limited to, by retaliating against and terminating Plaintiff for disclosing her reasonable belief in Defendant's violation of laws relating to unsanitary storage of food or beverages and wage and

hour violations, including, but not limited to, meal and rest breaks, Defendant violated Labor Code section 1102.5.

17. As a direct and proximate result of the aforementioned acts of Defendant, Plaintiff has and will continue to suffer economic damages, lost income and benefits, and general damages, including, but not limited to, emotional distress, pain, and suffering, all in an amount to be proven at trial.

18. The above-described acts of Defendant, including, but not limited to, by and through their managing agents, officers or directors, were engaged in with a deliberate, cold, callous, fraudulent and intentional manner in order to injure and damage Plaintiff and/or with a conscious disregard of Plaintiff and her rights. Such acts were despicable, and constitute malice, fraud and/or oppression within the meaning of Civil Code section 3294. Plaintiff requests an assessment of punitive damages against Defendant, in an amount to be proven at time of trial.

**SECOND CAUSE OF ACTION
FOR DISABILITY DISCRIMINATION
(Government Code § 12940(a))**

19. Plaintiff repeats and incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth here in full.

20. At all relevant times, Plaintiff had one or more disabilities and/or medical condition(s), had a history of one or more disabilities and/or medical condition(s), and/or was perceived or regarded as having one or more disabilities and/or medical condition(s) that constituted protected characteristics under the FEHA. Notwithstanding her disabilities, Plaintiff was able to perform the essential functions of her job with or without reasonable accommodations.

21. Defendant, and each of them, knew of Plaintiff's disabilities and/or medical condition, and knew or should have known that Plaintiff's disabilities and/or medical condition fell within the definition of a disability under the FEHA, and that Plaintiff could perform the essential functions of her job with or without reasonable accommodations.

22.     Despite the knowledge of the foregoing, Defendant took adverse action against Plaintiff, including, but not limited to, terminating her. Plaintiff's disability was a substantial motivating reason for Defendant's actions.

23.     By engaging in this conduct, Defendant aided, abetted, incited, participated in, coerced, and/or compelled unlawful employment practices in violation of the FEHA and the announced public policy of this State against such practices.

24.     As a direct and proximate result of the aforementioned acts and omissions of Defendant, Plaintiff has and will continue to suffer economic damages, lost income and benefits, and general damages, including, but not limited to, emotional distress, pain, and suffering, all in an amount to be proven at trial.

25.     The above-described acts of Defendant, including, but not limited to, by and through their managing agents, officers or directors, were engaged in with a deliberate, cold, callous, fraudulent and intentional manner in order to injure and damage Plaintiff and/or with a conscious disregard of Plaintiff and her rights. Such acts were despicable, and constitute malice, fraud and/or oppression within the meaning of Civil Code section 3294. Plaintiff requests an assessment of punitive damages against Defendant, in an amount to be proven at time of trial.

26.     As a proximate result of the foregoing conduct, Plaintiff has been forced to and will incur attorney's fees and costs in the prosecution of this claim, in an amount to be proven at trial.

### THIRD CAUSE OF ACTION
### FAILURE TO ACCOMMODATE DISABILITY
### (Government Code § 12940(m))

27.     Plaintiff repeats and incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth here in full.

28.     Defendant knew, or should have known, of the need to accommodate Plaintiff's disabilities and/or medical condition(s). Defendant also knew that Plaintiff could perform the essential functions of her job with or without reasonable accommodations.

29. In doing the things herein alleged, Defendant violated California's Fair Employment and Housing Act, including, but not limited to, Government Code section 12940(m), by failing to make reasonable accommodation for Plaintiff's disabilities and/or medical condition(s).

30. By engaging in this conduct, Defendant aided, abetted, incited, participated in coerced, and/or compelled unlawful employment practices in violation of the FEHA and the announced public policy of this State against such practices.

31. As a direct and proximate result of the aforementioned acts and omissions of Defendant, Plaintiff has and will continue to suffer economic damages, lost income and benefits, and general damages, including, but not limited to, emotional distress, pain, and suffering, all in an amount to be proven at trial.

32. The above-described acts of Defendant, including, but not limited to, by and through their managing agents, officers or directors, were engaged in with a deliberate, cold, callous, fraudulent and intentional manner in order to injure and damage Plaintiff and/or with a conscious disregard of Plaintiff and her rights. Such acts were despicable, and constitute malice, fraud and/or oppression within the meaning of Civil Code section 3294. Plaintiff requests an assessment of punitive damages against Defendant, in an amount to be proven at time of trial.

33. As a proximate result of the foregoing conduct, Plaintiff has been forced to and will incur attorney's fees and costs in the prosecution of this claim, in an amount to be proven at trial.

**FOURTH CAUSE OF ACTION**
**RETALIATION FOR REQUESTING ACCOMMODATION OF DISABILITY**
**(Government Code § 12940(m))**

34. Plaintiff repeats and incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth here in full.

35. Pursuant to Government Code section 12940(m)(2), it is unlawful "[f]or an employer or other entity covered by this part to. . . retaliate or otherwise discriminate against a

person for requesting accommodation under this subdivision, regardless of whether the request was granted."

36. Defendant retaliated against Plaintiff, including, but not limited to, by terminating her, because she requested accommodations for her disability.

37. By engaging in this conduct, Defendant aided, abetted, incited, participated in, coerced, and/or compelled unlawful employment practices in violation of the FEHA and the announced public policy of this State against such practices.

38. As a direct and proximate result of the aforementioned acts and omissions of Defendant, Plaintiff has and will continue to suffer economic damages, lost income and benefits, and general damages, including, but not limited to, emotional distress, pain, and suffering, all in an amount to be proven at trial.

39. The above-described acts of Defendant, including, but not limited to, by and through their managing agents, officers or directors, were engaged in with a deliberate, cold, callous, fraudulent and intentional manner in order to injure and damage Plaintiff and/or with a conscious disregard of Plaintiff and her rights. Such acts were despicable, and constitute malice, fraud and/or oppression within the meaning of Civil Code section 3294. Plaintiff requests an assessment of punitive damages against Defendant, in an amount to be proven at time of trial.

40. As a proximate result of the foregoing conduct, Plaintiff has been forced to and will incur attorney's fees and costs in the prosecution of this claim, in an amount to be proven at trial.

**FIFTH CAUSE OF ACTION**
**FAILURE TO ENGAGE IN TIMELY, GOOD FAITH INTERACTIVE PROCESS**
**(Government Code § 12940(n))**

41. Plaintiff repeats and incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth here in full.

42. Defendant knew, or should have known, of the need to accommodate Plaintiff's disabilities and/or medical condition(s), including the need to engage in the interactive process to

determine how to achieve a reasonable accommodation for Plaintiff. However, Defendant failed and refused to engage in the interactive process with Plaintiff.

43. Instead of engaging in the interactive process, Defendant took adverse action against Plaintiff and failed to reasonably accommodate her disabilities.

44. By engaging in this conduct, Defendant aided, abetted, incited, participated in coerced, and/or compelled unlawful employment practices in violation of the FEHA and the announced public policy of this State against such practices.

45. In doing the things herein alleged, Defendant violated California's Fair Employment and Housing Act, including, but not limited to, Government Code section 12940(n), by failing to engage in a timely, good faith, interactive process with Plaintiff to determine effective reasonable accommodations with respect to the disabilities and/or medical condition(s) from which she suffered.

46. As a direct and proximate result of the aforementioned acts and omissions of Defendant, Plaintiff has and will continue to suffer economic damages, lost income and benefits, and general damages, including, but not limited to, emotional distress, pain, and suffering, all in an amount to be proven at trial.

47. The above-described acts of Defendant, including, but not limited to, by and through their managing agents, officers or directors, were engaged in with a deliberate, cold, callous, fraudulent and intentional manner in order to injure and damage Plaintiff and/or with a conscious disregard of Plaintiff and her rights. Such acts were despicable, and constitute malice, fraud and/or oppression within the meaning of Civil Code section 3294. Plaintiff requests an assessment of punitive damages against Defendant, in an amount to be proven at time of trial.

48. As a proximate result of the foregoing conduct, Plaintiff has been forced to and will incur attorney's fees and costs in the prosecution of this claim, in an amount to be proven at trial.

///

///

## SIXTH CAUSE OF ACTION
## FAILURE TO PROVIDE MEAL AND REST BREAKS

49. Plaintiff repeats and incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth here in full.

50. Defendant failed to provide Plaintiff with the meal and rest periods required pursuant to applicable state and federal law, including, but not limited to, Labor Code § 512, and the applicable Industrial Welfare Commission Wage Order. Plaintiff is therefore entitled to one additional hour of pay for each workday that the meal or rest period was not provided.

## SEVENTH CAUSE OF ACTION
## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY
### (Against all Defendants)

51. Plaintiff repeats and incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth here in full.

52. By terminating Plaintiff as alleged herein, Defendant violated the well-established, substantial and fundamental public policies stated below.

53. It is public policy of the State of California to protect whistleblowers and/or persons who disclose to their employer's violations or non-compliance with law when the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties. This public policy is enunciated and codified in Labor Code section 1102.5.

54. The Fair Employment and Housing Act delineates public policy of the State of California against disability and/or medical condition discrimination in employment, as one expression of a broad policy against disability and/or medical condition discrimination that appears in a variety of legislative enactments. (*See, e.g., Civ. Code* §§ 51, 54 (barring disability discrimination in public accommodations); *Gov. Code* §§ 11135 (barring disability discrimination in state-funded programs); 19230 (declaring state policy to encourage disabled persons to

10
COMPLAINT FOR DAMAGES

participate in the social and economic life of the state); and 19702 (barring disability discrimination in state civil service employment). This policy inures to the benefit of the public because (1) any member of the public may develop a disability and become the victim of disability discrimination, (2) the public at large benefits from the productivity of disabled employees, and (3) any type of invidious discrimination foments strife and unrest. The policy against disability discrimination has been included in the FEHA since July 1, 1974, and therefore is well established, substantial and fundamental.

55. Defendant's termination of Plaintiff was in violation of the public policies stated above.

56. As a direct and proximate result of the aforementioned acts and omissions of Defendant, Plaintiff has and will continue to suffer economic damages, lost income and benefits, and general damages, including, but not limited to, emotional distress, pain, and suffering, all in an amount to be proven at trial.

57. The above-described acts of Defendant, including, but not limited to, by and through their managing agents, officers or directors, were engaged in with a deliberate, cold, callous, fraudulent and intentional manner in order to injure and damage Plaintiff and/or with a conscious disregard of Plaintiff and her rights. Such acts were despicable, and constitute malice, fraud and/or oppression within the meaning of California Civil Code section 3294.

58. Plaintiff requests an assessment of punitive damages against Defendant in an amount to be proven at time of trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendant, and each of them, for the following:

1. For general and compensatory damages according to proof;
2. For pre-judgment interest to the extent allowed by law;
3. For attorney's fees in prosecuting this action (except on the Seventh Cause of Action);

4. For costs of suit incurred herein;

5. For punitive and/or exemplary damages in an amount necessary to punish Defendant; and

6. For such other and further relief as the Court deems just and proper.

DATED: May 31, 2022          **The Rutten Law Firm, APC**

By: _____
Howard Rutten
Attorney for Plaintiff
APRIL VILLALOBOS

**DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a trial by jury.

DATED: May 31, 2022          **The Rutten Law Firm, APC**

By: _____
Howard Rutten
Attorney for Plaintiff
APRIL VILLALOBOS